OPINION
{¶ 1} Appellant James Johnson appeals the verdict rendered, in the Delaware County Court of Common Pleas, that found him guilty of receiving stolen property. The following facts give rise to this appeal.
 {¶ 2} On the evening of October 10, 2005, Guy Gray's 1991 white Toyota Camry was stolen from the parking lot of the pizza shop where he worked. Mr. Gray reported the theft to local law enforcement officials. Several hours later, Deputy David Johnson, of the Delaware County Sheriff's Department, was checking license plates at a rest area located along Interstate 71. When Deputy Johnson ran the plates on a 1991 white Toyota Camry, he discovered the vehicle was stolen. Deputy Johnson radioed for back-up. Once Deputy Derrick Keller arrived, both deputies approached the Camry. They discovered appellant inside the vehicle, sleeping behind the steering wheel.
 {¶ 3} The deputies ordered appellant out of the vehicle, handcuffed him and read him his Miranda rights. While he was being informed of his rights, appellant mentioned something about a female that was allegedly traveling with him. In light of this statement, the deputies and a trooper from the Ohio State Highway Patrol searched the restrooms at the rest area. They never located the alleged female companion. Appellant refused to provide a name or any identifying information to the deputies. Appellant also never informed the deputies why he had the vehicle. Thereafter, Mr. Gray was contacted by the deputies and he retrieved his vehicle from the rest area.
 {¶ 4} On October 4, 2005, the Delaware County Grand Jury indicted appellant charging him with receiving stolen property. This matter proceeded to a jury trial on January 5, 2006. Following deliberations, the jury found appellant guilty. On February 13, 2006, the trial court sentenced appellant to fourteen months in prison plus an additional 720 days for a post-release control violation.
 {¶ 5} Appellant timely filed a notice of appeal and sets forth the following assignment of error for our consideration:
 {¶ 6} "I. THE VERDICT OF GUILTY OF THE OFFENSE OF RECEIVING STOLEN PROPERTY IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 I {¶ 7} In his sole assignment of error, appellant maintains the jury's verdict is against the manifest weight of the evidence. We disagree.
 {¶ 8} Appellant contends the jury's verdict is against the manifest weight of the evidence for several reasons. First, appellant argues the only uncontested evidence that the State of Ohio presented was that he was found in a vehicle that had been stolen. Second, appellant contends there was nothing about the vehicle that would have led him to believe that it was stolen. Finally, appellant maintains the testimony of Mr. Gray that he saw him approximately two weeks prior to the incident is unbelievable.
 {¶ 9} Manifest weight of the evidence claims concern the amount of evidence offered in support of one side of the case, and is a jury question. We must determine whether the jury, in interpreting the facts, so lost its way that its verdict resulted in a manifest miscarriage of justice. State v. Thompkins
(1997), 78 Ohio St.3d 380, 387, 1997-Ohio-52. On review for manifest weight, a reviewing court is "to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed.
 {¶ 10} The discretionary power to grant a new hearing should be exercised only in the exceptional case in which the evidence weighs heavily against the judgment." Id. at 387, citing Statev. Martin (1983), 20 Ohio App.3d 172, 175. Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact.State v. DeHass (1967), 10 Ohio St.2d 230, at paragraph one of the syllabus. It is based upon this standard that we review appellant's assignment of error.
 {¶ 11} As to appellant's challenge of the state's evidence, appellant claims the state did not present any evidence regarding what kind of search or if any search was performed, at the rest area, in order to locate the female companion allegedly traveling with him. At trial, Deputy Johnson testified that both the male and female bathrooms were checked and that nobody was located. Tr. at 37-38. Thus, despite appellant's argument, the record supports the conclusion that the deputies attempted to locate appellant's alleged female companion.
 {¶ 12} Appellant further contends the authorities failed to determine the ownership of a cell phone found on the front seat of the Camry. Appellant challenges the fact that the authorities did not attempt to determine the cell phone number or whether there were any fingerprints on the phone. In light of Deputy Johnson's testimony that appellant's alleged female companion was not found at the rest area, it was prudent for the jury to conclude that the cell phone did not belong to an alleged female companion and therefore, there was no need for further investigation. Finally, we note that although appellant knew the name of his alleged female companion, he did not present her as a defense witness at trial.
 {¶ 13} Appellant also maintains there was no evidence introduced at trial that would establish that he knew the Camry was stolen. Mr. Gray testified that he left the keys in his vehicle, with the engine running, went inside the pizza shop for approximately forty-five seconds and when he returned, his vehicle was gone. Tr. at 55-56. The jury heard appellant's testimony as well as the testimony of the two deputies. The jury also observed the demeanor of the witnesses. Considering all the testimony, the jury chose not to believe appellant's claim that he did not know the vehicle was stolen. The jury's conclusion is supported by some competent and credible evidence.
 {¶ 14} Finally, appellant contends Mr. Gray's testimony that he saw appellant approximately two weeks prior to the theft of the vehicle is unbelievable. This argument concerns Mr. Gray's testimony wherein he indicated that approximately two weeks prior to the theft of his vehicle, appellant asked him for a ride while he was stopped at a stoplight. Tr. at 58-59. Mr. Gray declined to give appellant a ride. Id. at 59.
 {¶ 15} Appellant challenges this testimony because Mr. Gray did not identify him as the person that previously approached him for a ride on the night Mr. Gray retrieved his vehicle from the rest area. However, Mr. Gray testified that he was about half way home from retrieving his vehicle, when he realized that he recognized appellant as the person that had asked him for a ride. Id. at 58. As noted above, the jury had an opportunity to observe Mr. Gray as he testified about this encounter with appellant and to judge Mr. Gray's credibility. In doing so, we do not find the jury lost its way.
 {¶ 16} Accordingly, based upon the record before us, we conclude that in resolving conflicts in the evidence, the jury clearly did not lose its way and create such a manifest miscarriage of justice that the judgment must be reversed.
 {¶ 17} Appellant's sole assignment of error is overruled.
 {¶ 18} For the foregoing reasons, the judgment of the Court of Common Pleas, Delaware County, Ohio, is hereby affirmed.
Wise, P.J. Hoffman, J., and Farmer, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Delaware County, Ohio, is affirmed.
Costs assessed to Appellant.